**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES PATTON,

*Plaintiff-Appellee,*

v.

TARGET CORPORATION,

*Defendant-Appellee,*

v.

STATE OF OREGON,

*Plaintiff-Intervenor-Appellant.*

No. 08-35177

DC No.
03-CV-1722 BR

OPINION

On Certification from the Supreme Court
of the State of Oregon

Resubmitted December 14, 2010

Filed December 27, 2010

Before: Harry Pregerson, Pamela Ann Rymer, and
A. Wallace Tashima, Circuit Judges.

Per Curiam Opinion

20629

---

**COUNSEL**

Lori Irish Bauman, Ater Wynne LLP, Portland, Oregon, for the plaintiff-appellee.

Michael A. Griffin, Jackson Lewis LLP, Seattle, Washington, for the defendant-appellee.

Rolf C. Moan, Supreme Court Coordinator, Office of Attorney General, Salem, Oregon, for the plaintiff-intervenor-appellant.

---

**OPINION**

PER CURIAM:

Under Oregon's split-recovery statute, OR. REV. STAT. § 31.735, the State of Oregon (the "State") is entitled to 60 percent of any punitive damages awarded under Oregon law. The statute applies to cases decided under Oregon law in federal court. *DeMendoza v. Huffman*, 51 P.3d 1232, 1235-37 (Or. 2002). In the case at bench, after the jury awarded a substantial amount of punitive damages[1], but before judgment was entered on the verdict, plaintiff and defendant settled the case for an undisclosed amount, without notice to or approval

---

[1]The jury awarded $17,950 in economic damages, $67,000 in noneconomic damages, and $900,000 in punitive damages. The record reflects no post-verdict motions, *e.g.*, under OR. REV. STAT. § 31.730; *see BMW of N. Am. v. Gore*, 517 U.S. 559, 574-85 (1996); *Parrott v. Carr Chevrolet, Inc.*, 17 P.3d 473 (Or. 2001).

of the State. It is uncontested that the State was excluded from the settlement. Because no reported Oregon case addressed whether the parties could settle a case at the post-verdict stage so as to eliminate the State's share of the punitive damages awarded by the verdict, we certified the question to the Supreme Court of Oregon, which it accepted.

**[1]** We do not repeat the background facts or the procedural history of this case, which are adequately set forth in the prior opinions in this case. *See Patton v. Target Corp.*, 2008 WL 361201 (D.Or. 2008) (approving settlement); *Patton v. Target Corp.*, 580 F.3d 942 (9th Cir. 2009) (certifying question to Oregon Supreme Court); *Patton v. Target Corp.,* 2010 WL 4539445 (Or. Nov. 12, 2010) (en banc) (answering certified question). We certified the following question under Oregon law to the Oregon Supreme Court:

> When a jury has returned a verdict that includes an award of punitive damages under Oregon law, is the State of Oregon's consent necessary before a court may enter a judgment giving effect to any settlement between the parties that would result in a reduction or elimination of the punitive damages to which the State would otherwise be entitled under Oregon Revised Statutes § 31.735?

580 F.3d at 948-49. The Oregon Supreme Court answered the question "no." 2010 WL 4539445, at *8. Because the Oregon Supreme Court's reasoning in support of its answer is fully and ably explicated in its opinion, *id.*, we will not restate it here, except to note that court's concluding paragraph:

> In this case, it simply is not possible for us to conclude that ORS 31.735 as presently worded makes the state's consent necessary before a court may enter a judgment giving effect to a settlement between the parties that would reduce or eliminate punitive damages to which the state otherwise would

be entitled, even if that is what the legislature intended. The answer to the certified question is "no."

*Id.* On supplemental briefing after the Oregon Supreme Court answered our certified question, all parties to this appeal agreed that the Oregon Supreme Court's answer to the certified question is dispositive of this appeal.

**[2]** Because the district court correctly concluded that OR. REV. STAT. § 31.735 does not require that the State consent to the parties' post-verdict settlement, we affirm its dismissal of the action with prejudice, as well as the district court's order denying the State's motion for relief from the judgment of dismissal.

**AFFIRMED.**